UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DESHAWN ELLISON,

                    Plaintiff,

v.                                         Case No. 23-cv-1447-pp

DYLAN MACIEJEWSKI,

                      Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 20) AND DISMISSING CASE**

Plaintiff Deshawn Ellison, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint alleging that the defendant violated his constitutional rights. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment claim against the defendant. Dkt. No. 15 at 4. On July 18, 2024, the defendant filed a motion for summary judgment on exhaustion grounds. Dkt. No. 20. The court ordered that by August 19, 2024, the plaintiff must file a response to the defendant's motion, and warned him that failure to do so would result in the court considering the motion without his input. Dkt. No. 24.[1] The plaintiff has not filed a response to the defendant's motion so the court will consider the motion unopposed, grant the motion and dismiss this case.

---

[1] The Wisconsin Department of Corrections' locater web site reflects that the plaintiff has been incarcerated at Green Bay Correctional Institution since February of 2022 and that he remains there as of the date of this order. The court has sent all orders to him at Green Bay.

1

## I. Defendant's Motion for Summary Judgment

### A. Facts

The plaintiff was housed at Green Bay Correctional Institution during the events alleged in the complaint. Dkt. No. 22 at ¶1. The defendant currently is employed by the Wisconsin Department of Corrections (DOC) and worked there are the time of the events alleged in the complaint. Id. at ¶2. The court allowed the plaintiff to proceed on an Eighth Amendment failure-to-protect claim based on allegations that on May 22, 2023, the defendant opened the plaintiff's cell door at the request of another incarcerated individual, who then assaulted the plaintiff. Id. at ¶3.

The plaintiff did not submit any inmate complaints related to his claim against the defendant. Id. at ¶4. The defendant reports that he did not have any returned inmate complaints related to his claim. Id. at ¶5. The plaintiff accepted as uncontested conduct report #323158 related to the assault at issue in this lawsuit. Id. at ¶6. He did not appeal that conduct report. Id. at ¶7.

### B. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477

2

U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be, or is, genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

C. Discussion

The defendant contends that the plaintiff did not exhaust his administrative remedies because he never submitted an inmate complaint relating to his claim against the defendant. Dkt. No. 21 at 2.

The Prison Litigation Reform Act (PLRA) states that an incarcerated individual cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that an incarcerated person comply with the rules applicable to the grievance

3

process at his institution. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The objective of §1997e(a) is to permit the institution's "administrative process to run its course before litigation begins." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (quoting Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005)); see also Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects incarcerated individuals to adhere to "the specific procedures and deadlines" established by the institution's policy. Dole, 438 F.3d at 809; see also Hernandez v. Dart, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). Because exhaustion is an affirmative defense, the defendant bears the burden of proving that the plaintiff failed to exhaust. Pavey v. Conley, 544 F.3d 739, 740-41 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)).

To fully exhaust administrative remedies in Wisconsin, an incarcerated individual must file a complaint with the institution complaint examiner within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code §DOC 310.07(2). The institution complaint examiner shall accept the complaint, return it, or reject it. Wis. Admin. Code §DOC 310.10(2). The institution complaint examiner may reject a complaint if it is submitted beyond fourteen days after the date of occurrence giving rise to the complaint and does not include good cause to extend the time limits. Wis. Admin. Code

4

§310.10(6)(e). An incarcerated individual may appeal a rejected complaint within ten days to the appropriate reviewing authority who shall only review the basis for the rejection of the complaint. Wis. Admin. Code §310.10(10). The reviewing authority's decision is final. Id.

An institution complaint examiner who accepts a complaint must "send a recommendation to the appropriate reviewing authority within 30 days from the date of receipt." Wis. Admin. Code §DOC 310.10(9). An institution complaint examiner may recommend a complaint be "affirmed or dismissed in whole or in part." Wis. Admin. Code §DOC 310.10(12). If the reviewing authority dismisses the complaint, the inmate "may appeal" to the corrections complaint examiner "within 14 days after the date of the decision." Wis. Admin. Code §DOC 310.12(1).

The corrections complaint examiner may return an appeal for five reasons listed in the Code, may recommend rejection of an appeal that fails to comply with section 310.09, or it may accept an appeal. Wis. Admin. Code §§DOC 310.12(2), (4)(a)–(e), (5). Should the corrections complaint accept the appeal, it must "recommend that the reviewing authority decision be affirmed or dismissed, in whole or in part, and send its recommendation to the secretary within 45 days of receipt of the appeal." Wis. Admin. Code §DOC 310.12(9). The secretary must then "make a decision within 45 days following receipt of the [CCE's] recommendation." Wis. Admin. Code §DOC 310.13(1). The secretary must "affirm or dismiss the [CCE's] recommendation, in whole or in part, or return the appeal to the [corrections complaint examiner] for further

investigation." Wis. Admin. Code §DOC 310.13(2). "The secretary's decision is final." Wis. Admin. Code §DOC 310.13(3).

The complaint does not allege that the plaintiff submitted an inmate complaint regarding this incident. Dkt. No. 1. The defendant asserts in his undisputed proposed statements of fact that the plaintiff did not submit an inmate complaint relating to his claim against the defendant. Dkt. No. 22 at ¶4. The plaintiff has not filed responses to the defendant's proposed findings of fact, has not filed his own findings of fact and has not submitted any evidence. The record before the court shows that the plaintiff failed to exhaust his administrative remedies. The court will grant the defendant's motion for summary judgment and dismiss this case without prejudice. See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004).

## II.  Conclusion

The court **GRANTS** the defendant's motion for summary judgment. Dkt. No. 20.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule

6

Case 2:23-cv-01447-PP   Filed 08/23/24   Page 6 of 7   Document 25

investigation." Wis. Admin. Code §DOC 310.13(2). "The secretary's decision is final." Wis. Admin. Code §DOC 310.13(3).

The complaint does not allege that the plaintiff submitted an inmate complaint regarding this incident. Dkt. No. 1. The defendant asserts in his undisputed proposed statements of fact that the plaintiff did not submit an inmate complaint relating to his claim against the defendant. Dkt. No. 22 at ¶4. The plaintiff has not filed responses to the defendant's proposed findings of fact, has not filed his own findings of fact and has not submitted any evidence. The record before the court shows that the plaintiff failed to exhaust his administrative remedies. The court will grant the defendant's motion for summary judgment and dismiss this case without prejudice. See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004).

## II.  Conclusion

The court **GRANTS** the defendant's motion for summary judgment. Dkt. No. 20.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule

of App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 23rd day of August, 2024.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**

7